1  BARRY E. HINKLE, Bar No. 071223
   TRACY L. MAINGUY, Bar No. 176928
2  CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501
   Telephone  (510) 337-1001
5  Fax  (510) 337-1023
   E-Mail:  tmainguy@unioncounsel.net
6
   Attorneys for Plaintiffs
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  THE BOARD OF TRUSTEES, in their          No. 15-cv-03183 PJH
    capacities as Trustees of the LABORERS
12  HEALTH AND WELFARE TRUST FUND            **STIPULATION TO DISMISS AND
    FOR NORTHERN CALIFORNIA, et al.          REQUEST TO RETAIN
13                                           JURISDICTION IN LIGHT OF
                        Plaintiffs,          SETTLEMENT AGREEMENT;
14                                           [PROPOSED] ORDER THEREON**

15          v.

16  SABA J. INC., a California Corporation; SABA    Judge:      Hon. Phyllis J. Hamilton
    J. INC. doing business as RELIANCE
17  CONSTRUCTION,

18                      Defendants.

19

20

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

                                        1
STIPULATION TO DISMISS AND REQUEST TO RETAIN JURISDICTION IN LIGHT OF SETTLEMENT
AGREEMENT; [PROPOSED] ORDER THEREON
Case No. 15-cv-03183 PJH

Plaintiffs, Defendant Saba J. Inc. doing business as Reliance Construction ("Employer") and Hamid Sam Jalalian, who is the Owner and President of Employer, entered into a written Settlement Agreement, a true and accurate copy of which is attached hereto as Exhibit "A". Pursuant to paragraph 7 of the Settlement Agreement, the Plaintiffs, Employer and Hamid Sam Jalalian stipulated that:

> . . . . The Parties stipulate and agree that the Northern District of California will retain jurisdiction over the Lawsuit to enforce the Settlement Agreement, including entering judgment based upon the foregoing stipulation for judgment in the event of an uncured default by Employer.  In consideration of the above payment plan, Hamid Sam Jalalian agrees to be added as a Defendant in the Lawsuit and to submit to the jurisdiction of the Court for the purposes of enforcing the Settlement Agreement and Personal Guaranty ( a copy of which is attached hereto) of the amounts payable by Employer referenced in paragraph 5.  Hamid Sam Jalalian further agrees to have judgment entered against him in the Lawsuit for any and all amounts due and owing by him to the Plaintiffs under this Settlement Agreement and the Personal Guaranty, a copy of which is attached hereto, should he default under the provisions outlined in paragraph 6 of the aforementioned Personal Guarantee.

Paragraph 5 of the Settlement Agreement requires Employer to make a payment of $20, 000.00 to Plaintiffs on December 3, 2016 and thereafter to make monthly, consecutive payments of $3,124.04 each to Plaintiffs on the 15th day of every month commencing November of 2016 for a thirty-six months.  Paragraph 6 of the Personal Guaranty executed by Sam Hamid Jalalian (which is incorporated into the Settlement Agreement) provides:

> 6.    If Employer defaults on any of its obligations under Paragraph 5 of the Settlement Agreement, upon your written demand to the Employer and Hamid Sam Jalalian by fax ((650) 559-9300) and the Employer's counsel by email (rlayton@laytonlawfirm.com), I AGREE to immediately pay to the Trust Funds the sum of $224,172.12, less any payments received by the Trust Funds from Employer under paragraph 5 of the Settlement Agreement . . . .

//

//

//

//

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

STIPULATION TO DISMISS AND REQUEST TO RETAIN JURISDICTION IN LIGHT OF SETTLEMENT AGREEMENT; [PROPOSED] ORDER THEREON
Case No. 15-cv-03183 PJH

1     The parties respectfully stipulate, and respectfully request, that the Court dismiss the

2  above-captioned matter pursuant to Federal Rule of Civil Procedure 41 and retain jurisdiction to

3  enforce the Settlement Agreement and personal guaranty attached hereto as Exhibit "A" against

4  Employer and Sam Hamid Jalalian, who stipulated to be added as a Defendant to the proceeding

5  for the purposes of enforcing the Settlement Agreement and Personal Guaranty.

6  Dated:  November 17, 2016                    WEINBERG, ROGER & ROSENFELD
                                                A Professional Corporation
7

8                                               /s/ Tracy L. Mainguy
                                        By:     TRACY L. MAINGUY
9                                               Attorneys for Plaintiffs

10  Dated:  November 17, 2016                    LAYTON LAW FIRM
                                                A Professional Law Corporation
11
                                        By:     RONA LAYTON
12                                              Attorneys for Defendants

13                          [PROPOSED] ORDER

14     Plaintiffs, Defendant Saba J., Inc. and Hamid Sam Jalalian, who is the Owner and

15  President of Defendant Saba J. Inc., have resolved this matter and agreed that this Court shall

16  maintain jurisdiction over the case.  The aforementioned parties also stipulated that for the

17  purposes of enforcing the Settlement Agreement and Personal Guaranty of Hamid Sam Jalalian

18  that Sam Jalalian will be added as a Defendant to the this case.

19     IT IS HEREBY ORDERED that this case be dismissed pursuant to the Stipulation of

20  Plaintiffs, Defendant Saba J., Inc. and Hamid Sam Jalalian.  The Court shall retain jurisdiction to

21  enforce the Settlement Agreement and personal guaranty attached hereto as Exhibit "A" against

22  Defendant Saba J. Inc. and Hamid Sam Jalalian, who based upon his stipulation in the Settlement

23  Agreement will be added as a Defendant to the proceeding for the purposes of enforcing the

24  Settlement Agreement and Personal Guaranty.

25     **IT IS SO ORDERED.**

26  Dated:  November 18          , 2016

27                                              THE HONORABLE PHYLLIS J. HAMILTON
                                                United States Judge
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

STIPULATION TO DISMISS AND REQUEST TO RETAIN JURISDICTION IN LIGHT OF SETTLEMENT
AGREEMENT; [PROPOSED] ORDER THEREON
Case No. 15-cv-03183 PJH

# EXHIBIT A

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between the Parties to the Agreement, as defined below:

1. <u>Parties.</u> The parties to this Agreement ("Parties") are:

   A.   LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA (hereinafter referred to as "Trust Funds");

   B.   SABA J. INC., a California Corporation doing business as Reliance Construction (hereinafter referred to as "Employer"); and

   C.   HAMID SAM JALALIAN, individually (hereinafter "Hamid Sam Jalalian").

2. <u>Recitals.</u>

   A. Employer is signatory to a collective bargaining agreement that requires it make contributions to the Trust Funds, and submit to a periodic audit of its books and records so that the Trust Funds can determine if the Employer is making full and prompt payment of required contributions.

   B. Pursuant to the agreements, the Trust Funds conducted an audit of the Employer's books and records covering the period of March 2010 through December 2013 ("the Audit"). The Trust Funds contend that the audit revealed Employer failed to make required contributions to the Trust Funds in the amount of $111,701.65 and liquidated damages and interest are now due on these contributions in the amount of $83,055.55. The Trust Funds filed suit against Employer, United States District Court Northern District of California, case number 15-cv-03183 PJH ("the Lawsuit") to collect the liability relating to the Audit.

   C. Plaintiffs' incurred the attorneys' fees relating to the Lawsuit totaling in excess of $27,915.00 and costs in the amount of $1,499.92 to date.

   D. The parties stipulate and agree that there is now due and owing the following sums by the Employer to the Trust Funds relating to the Audit: (1) principal contributions in the amount of $111,701.65; (2) liquidated damages and interest in the amount of $83,055.55; and (3) Attorneys' fees and costs relating to the Lawsuit in the amount of $29,414.92.

**EXHIBIT A**
**Page 1 of 17**

E.   Hamid Sam Jalalian, individually, agrees to personally guarantee the payment of the $224,172.12 owed to the Trust funds by the Employer and referenced in paragraph D above.  A true and accurate copy of their respective Personal Guarantee Agreement is attached hereto.

F.   The Parties wish to resolve this matter without litigation.  Employer does not wish to have a judgment entered against it, but Plaintiffs do not want to dismiss this lawsuit without assurances that the Court will retain jurisdiction to assure the compliance of Employer and Hamid Sam Jalalian with this Settlement Agreement.  Additionally, the Trust Funds do not want to dismiss this lawsuit without assurance that Hamid Sam Jalalian agrees to, and will be, added as a Defendant in the Lawsuit and submit to the jurisdiction of the Court for the purposes of enforcing the Settlement Agreement, enforcing his Personal Guarantee (attached hereto) and entering judgment against him in the Lawsuit should he default under the Settlement Agreement and/or Personal Guarantee.  Accordingly, the Parties agree that the Parties shall execute a Stipulation for Dismissal and request dismissal of the matter without prejudice on the condition that the Court retains jurisdiction of the case for thirty-six months so the Trust Funds will not need to re-file this lawsuit and can enter Judgment against Employer and/or Sam Jalalian pursuant to paragraph 7 below if there is a default under the Settlement Agreement and/or Personal Guarantee.

If the Court declines to reserve jurisdiction to enforce the Settlement Agreement and Personal Guarantee (a copy of which is attached hereto), Hamid Sam Jalalian agrees to be added as a Defendant in the Lawsuit and to submit to the jurisdiction of the Court and, the Parties agree to enter a Stipulated Judgment against both Employer and Sam Jalalian in the Lawsuit in the amount of $224,172.12.  Plaintiffs agree that they will not record the Stipulated Judgment, file abstracts of the Stipulated Judgment, or take any other steps to enforce the Stipulated Judgment so long as Employer makes all payments as set out in Paragraph 5 below.  The parties agree that if a Stipulated Judgment has been entered and there is an uncured default by Employer on its payment obligations under paragraph 5, without further notice, Trust Funds may take any collection action and/or post-judgment remedy that the Trust Funds chooses to collect the Stipulated Judgment.

Within ten (10) days of receipt of the final payment provided under paragraph 5 below, the Trust Funds shall cause a Satisfaction of the Stipulated Judgment, if entered, to be filed with the court.

3.   <u>Agreement to Settle Disputes</u>.  Except as otherwise provided herein, the Parties to this Agreement wish to finally resolve and settle all disputes between them relating to or arising out of the liability referenced in 2.A., 2.B., 2.C. and 2.D above.

4.   <u>Terms</u>.  This Agreement memorializes the terms agreed to by the Parties; to the extent that it differs from or varies from any previous writing between the parties

relating to the matters resolved herein, this Agreement shall supersede and replace such other communications and/or agreements.

Therefore, in consideration of the mutual covenants contained herein, each of the Parties hereto, for themselves and their successors and assigns, hereby agrees as follows:

5.   The Trust Funds agree to settle their claims for the amounts owed in paragraph 2.A, 2.B., 2.C and 2.D above in this Lawsuit for payment of $132,465.54 ("Settlement Sum") by Employer to Plaintiffs on the following conditions:

    a.   A lump sum payment in the amount of $20,000.00 by cashier's check payable to the "LABORERS TRUST FUNDS" shall be made by Employer to Plaintiffs no later than December 3, 2016.

    b.   Payments totaling $112,465.54 shall be made by Employer over a thirty-six month period with (36) equal monthly installments of $3,124.04 each due no later than the 15th day of every month commencing November of 2016.

    c.   Employer shall remit the payments as described in Paragraph 5.a. and 5.b. by check made payable to "LABORERS TRUST FUNDS", directly to the Trust Fund office at:

Laborers Funds Administrative Office of Northern California, Inc.
220 Campus Lane
Fairfield, CA 94534-1498

    d.   The Parties hereto acknowledge that the payments above include twenty-five percent of the liquidated damages and interest owed by Employer to the Trust Funds. The Settlement Sum does not include the attorneys' fees and costs in the amount of $29,414.92 incurred by Plaintiffs relating to the Lawsuit. If and only if all payments required by this Settlement Agreement are timely made, the Trust Funds agree to waive the remaining seventy- five percent of liquidated damages and interest and attorneys' fees and costs owed by Employer. However, to the extent that any payment required by this Settlement is not paid, then the Employer will be in default. In the event of Employer's default, as per Paragraph 7 below, there will be no waiver of liquidated damages and interest owed, and the sum of $224,172.12 ($111,701.65 + $83,055.55 + $29,414.92) will be immediately due and owing by the Employer and Hamid Sam Jalalian, less any payments made by Employer toward the Settlement Sum under this paragraph.

    e.   In the event of the default by Employer of its payment obligations under paragraph 5 of this Settlement Agreement, Employer and Sam Hamid Jalalian will be in default of this Settlement Agreement, as per paragraph 7 below, the sum of $224,172.12, less any payments made by Employer toward the Settlement Sum under this paragraph, will be immediately due

and payable by Hamid Sam Jalalian, individually pursuant to his Personal Guarantee (a copy of which is attached hereto).

6. <u>Obligation to Remain Current.</u> Employer agrees to remain bound to the applicable collective bargaining agreement and comply with its obligations to submit all fringe benefit contributions to the Trust Funds in a timely manner pursuant to the terms of the applicable collective bargaining agreement and Trust Agreements. Employer agrees that it will timely pay the contributions owed for work performed by Employer's employees in October of 2016 no later than November 15, 2016. If the Employer fails to timely submit complete payment or reports, including November 15, 2016, the Employer will be in default of this Agreement.

7. <u>Default.</u> If Employer fails to make any payment required under this Settlement Agreement as set forth in Paragraph 5 above, or fails to remain current as set forth in Paragraph 6 above, the Employer will be in default of this Settlement Agreement. In the event that the Defendants are in default of this Settlement Agreement, the Trust Funds will give notice of the default to the Employer by fax ((650) 559-9300) and the Employer's counsel by email (rlayton@laytonlawfirm.com). The Employer shall have ten (10) days from the date of Plaintiffs' notice of default to cure the default.

In the event of any default by Employer, not cured by Employer within 10 days from the date Plaintiffs' provide notice of default under this paragraph, all remaining payments owed under the Settlement Agreement will be immediately due and payable then the Trust Funds. This Settlement Agreement will be considered an admission of liability, and a stipulation by Employer for a judgment to be entered against Employer immediately in the amount of $224,172.12 ($111,701.65 + $83,055.55 + $29,414.92), less any payments made by Employer toward the Settlement Sum under Paragraph 5 above. The Parties stipulate and agree that the Northern District of California will retain jurisdiction over the Lawsuit to enforce the Settlement Agreement, including entering judgment based upon the foregoing stipulation for judgment in the event of an uncured default by Employer. In consideration of the above payment plan, Hamid Sam Jalalian agrees to be added as a Defendant in the Lawsuit and to submit to the jurisdiction of the Court for the purposes of enforcing the Settlement Agreement and Personal Guaranty ( a copy of which is attached hereto) of the amounts payable by Employer referenced in paragraph 5. Hamid Sam Jalalian further agrees to have judgment entered against him in the Lawsuit for any and all amounts due and owing by him to the Plaintiffs under this Settlement Agreement and the Personal Guaranty, a copy of which is attached hereto, should he default under the provisions outlined in paragraph 6 of the aforementioned Personal Guarantee.

If the Court declines to reserve jurisdiction to enforce the Settlement Agreement and Personal Guarantee (attached hereto), Hamid Sam Jalalian agrees to be added as a Defendant in the Lawsuit and to submit to the jurisdiction of the Court and, the Parties agree to enter a Stipulated Judgment against both Employer and Sam Jalalian in the Lawsuit in the amount of $224,172.12. Plaintiffs agree that they

will not record the Stipulated Judgment, file abstracts of the Stipulated Judgment, or take any other steps to enforce the Stipulated Judgment so long as Employer makes all payments as set out in Paragraph 5 above. The parties agree that if a Stipulated Judgment has been entered and there is an uncured default by Employer on its payment obligations under paragraph 5, without further notice, Trust Funds may take any collection action and/or post-judgment remedy that the Trust Funds chooses to collect the Stipulated Judgment.

Within ten (10) days of receipt of the final payment provided under paragraph 5 below, the Trust Funds shall cause a Satisfaction of the Stipulated Judgment, if entered, to be filed with the court.

8.    Prepayment. There is no penalty for prepayment. If Employer submits payments in excess of the monthly payment amounts required under Paragraph 5, those amounts will be credited towards the total amount due, but the payment schedule will not change.

9.    Audit. The parties further acknowledge that by entering into this Agreement, the Trust Funds in no way waive their right to conduct an audit of Employer, or to seek payment of any contributions found due from such an audit for any audit period other referenced in 2.B. of this Settlement Agreement.

10.   Indemnification. Employer agrees to indemnify and hold harmless Trust Funds from any and all claims arising out of Employer's failure to submit trust fund contributions on any individual who performed covered work for Employer as set forth in applicable collective bargaining agreement with Employer.

11.   Assignment. Employer agrees to indemnify and hold harmless Trust Funds from any and all claims arising out of Employer's failure to submit trust fund contributions on any individual who performed covered work for Employer as set forth in applicable collective bargaining agreement with Employer.

12.   Representations. Each Party warrants that said Party is legally competent and authorized to execute this Agreement and has not relied on any statements or explanations in connection therewith. Each Party acknowledges to the other Party that it has had the opportunity to be represented by independent legal counsel of its own choice throughout all of the negotiations that preceded the execution of this Agreement. Each Party, including their counsel, further acknowledge that they have had adequate opportunity to perform whatever investigation or inquiry they may deem necessary in connection with the subject matter of this Agreement prior to its execution and the delivery and acceptance of the considerations specified in this Agreement.

13.   Severability. The provisions of this Agreement are contractual in nature and not mere recitals, and shall be considered independent and severable, and if any provision, or part thereof, is declared invalid, unenforceable or void for any reason, then the validity and enforceability of the remainder shall not be affected in any way.

14. <u>Entire Agreement.</u> This Agreement contains the entire agreement of the Parties with respect to the matters covered hereby, and supersedes any oral or written understandings or agreements between the Parties with respect to the subject matter of this Agreement. No person or Party is authorized to make any representations or warranties, except as set forth herein, and no agreement, statement, representation, or promise by any Party hereto, which is not contained herein, shall be valid or binding. The undersigned acknowledge that they have not relied upon any warranties, representations, statements, or promises by any of the Parties herein released or any of their agents or consultants, except as may be expressly set forth herein.

15. <u>Counterparts.</u> This Agreement may be executed in counterparts, which taken together, shall constitute one Agreement and be binding upon and effective as to all Parties hereto. This Agreement may be executed via receipt of a facsimile signature of the original document and signature page to follow.

16. <u>Final Accord and Satisfaction.</u> It is the intention of the Parties in executing this Agreement and in paying and receiving the consideration called for by this Agreement that this Agreement shall be effective as a full and final accord and satisfaction and general release of all Released Matters.

17. <u>Prevailing Party.</u> The Parties agree that if either Party is forced to bring an action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover their reasonable attorneys' fees and cost of suit incurred.

18. <u>Applicable Law.</u> This Agreement shall be governed by, interpreted and construed in accordance with the laws of the State of California.

19. <u>Interpretation.</u> In the event of a dispute hereunder, this Agreement shall not be interpreted for or against any Party hereto on the ground that such party drafted or caused this Agreement or any part thereof to be drafted.

20. <u>Release.</u> In furtherance of the intentions set forth herein, each of the Parties acknowledges that it is familiar with Section 1542 of the Civil Code of the State of California which provides as follows:

> A general release does not extend to claims, which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Each party understands and agrees that this release extends to any lawsuit that it could file in state or federal court, or with any regulatory agency or public agency, concerning the subject matter of the Action or otherwise. Each party also understands that this release is not intended to and does not release any claim solely arising out of the obligations created by this Settlement Agreement. Each

party represents that it is the sole and current possessor of the claims or causes of action being released herein by it.

21.   <u>Cooperation.</u> The Parties agree to cooperate with one another and promptly execute any other reasonable and necessary documents, which are or may be required to effectuate the intent of this Settlement Agreement.

22.   The parties hereto mutually state that they have read the foregoing Agreement and are fully aware of its contents and legal facts.  This Agreement constitutes the entire agreement of the parties and is entered into on the dates below indicated.


## EXECUTION BY PARTIES


**FOR LABORERS TRUST FUNDS**

Dated:  October 21, 2016

Michelle Lauziere


**FOR SABA J. INC. doing business as Reliance Construction**

Dated:  October 20, 2016

HAMID SAM JALALIAN, President

**FOR HAMID SAM JALALIAN, INDIVIDUALLY**

Dated:  October 20, 2016

HAMID SAM JALALIAN

138709/886413

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    **CIVIL CODE § 1189**

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __Alameda__                    )

On __10-20-16__ _____ before me, __Barbara Anne Gorin, Notary Public__
     *Date*                 *Here Insert Name and Title of the Officer*

personally appeared __Jalali an Hamid Sam As President__
                       *Name(s) of Signer(s)*

__For Saba J. Inc. dba Reliance Construction,__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

BARBARA ANNE GORIN
Commission # 2071676
Notary Public - California
Alameda County
My Comm. Expires Jul 12, 2018

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Barbara Anne Gorin_
               *Signature of Notary Public*

          *Place Notary Seal Above*

---

**———— OPTIONAL ————**

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Settlement Agreement and Release of All Claims__ Document Date: __10-20-16__
Number of Pages: __7__ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

---

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)     Item #5907

**EXHIBIT A**
**Page 8 of 17**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

┌─────────────────────────────────────────────────────────────────────┐
│ A notary public or other officer completing this certificate verifies only the identity of the individual who signed the │
│ document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. │
└─────────────────────────────────────────────────────────────────────┘

State of California                            )
County of *Alameda*                            )

On *10-20-16* before me, *Barbara Anne Gorin, Notary Public*
    *Date*             *Here Insert Name and Title of the Officer*

personally appeared *Jalalian Hamid Sam, Individually*
                     *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph
is true and correct.

WITNESS my hand and official seal.

Signature *Barbara Anne Gorin*
                 *Signature of Notary Public*

[Notary Seal:
BARBARA ANNE GORIN
Commission # 2071676
Notary Public - California
Alameda County
My Comm. Expires Jul 12, 2018]

         *Place Notary Seal Above*
───────────────────────── **OPTIONAL** ─────────────────────────
*Though this section is optional, completing this information can deter alteration of the document or*
*fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: *Settlement Agreement and Release of all claims* Document Date: *10-20-16*
Number of Pages: *7* Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____          Signer's Name: _____
☐ Corporate Officer — Title(s): _____          ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General          ☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact          ☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator          ☐ Trustee ☐ Guardian or Conservator
☐ Other: _____          ☐ Other: _____
Signer Is Representing: _____          Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

**EXHIBIT A**
**Page 9 of 17**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California                        )

County of _Solano_                        )

On _10/21/2016_ _____ before me, _Jennifer Peters Notary Public_ .
(here insert name and title of the officer)

personally appeared _Michelle Lauziere_ _____

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and correct.

```
JENNIFER PETERS
COMM. #2089469
Notary Public - California
Solano County
My Comm. Expires Nov. 9, 2018
```

WITNESS my hand and official seal.

Signature _____        (Seal)

───────────────── OPTIONAL INFORMATION ─────────────────

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _Settlement Agreement and Release of all Claims_ ,
containing _7_ pages, and dated _10/21/2016_ .

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-in-Fact
- ☐ Corporate Officer(s)

_____
Title(s)

- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☐ Other:

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing

| Additional Information |
|---|
| **Method of Signer Identification** |
| Proved to me on the basis of satisfactory evidence: |
| ☐ form(s) of identification   ○ credible witness(es) |
| Notarial event is detailed in notary journal on: |
| Page # _____   Entry # _____ |
| Notary contact: _____ |
| **Other** |
| ☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s) |
| ☐ _____ |

© Copyright 2007-2014 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved. Item Number 101772. Please contact your Authorized Reseller to purchase copies of this form.

**EXHIBIT A**
**Page 10 of 17**

**To:**   Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California and Laborers Training and Retraining Trust Fund for Northern California ("Trust Funds")

**From:** Hamid Sam Jalalian

### PERSONAL GUARANTEE AND UNDERTAKING

**IN CONSIDERATION** of the Trust Funds having at my request agreed to enter into the Settlement Agreement between Saba J Inc. doing business as Reliance Construction and the Trust Funds (hereinafter the "Settlement Agreement"), a copy of which is attached hereto, I, Hamid Sam Jalalian (hereinafter the "Guarantor"), do hereby in my personal capacity undertake and agree with you, Trust Funds, as follows:

1.      I, Guarantor, stipulate that that there is now due and owing the following sums by the Employer to the Trust Funds: : (1) principal contributions in the amount of $111,701.65; (2) liquidated damages for fees and interest in the amount of $83,055.55; and (3) Attorneys' fees and costs relating to the Lawsuit in the amount of $29,414.92.

2.      I, the Guarantor, do hereby guarantee payment to the Trust Funds, and its successors and assigns of the outstanding liability owed to the Trust Funds by Saba J Inc. doing business as Reliance Construction (hereinafter "Employer") in the amount of $224,172.12 in the event that Employer defaults on its payment obligations under Paragraph 5 of its Settlement Agreement, and fails to cure such default after receiving notice of such default under paragraph 7 of the Settlement Agreement.   A fully executed copy of the Settlement Agreement, which I have read and understood the contents therein, is attached hereto.

3.      This Guarantee shall extend to any obligations of Employer under any amendment, present or future, to the Settlement Agreement, including, without limiting the generality of the foregoing, any amendment which has the effect of extending the Payment Plan where time is of essence.

4.      I acknowledge that the Settlement Agreement may be amended from time to time by the parties thereto without the prior consent of me, and it is hereby agreed that no such amendment shall release me from my liability under this Guarantee either in whole or in part.

5.      My liability herein under this Guarantee and Undertaking shall continue despite the insolvency or winding-up of Employer until such time Employer shall have fully performed all the provisions, conditions, warranties, covenants and agreements contained therein the said Agreement.

6.      If Employer defaults on any of its obligations under Paragraph 5 of the Settlement Agreement, upon your written demand to the Employer and Hamid Sam Jalalian by fax ((650) 559-9300) and the Employer's counsel by email (rlayton@laytonlawfirm.com), I AGREE to immediately pay to the Trust Funds the sum of $224,172.12, less any payments received by the Trust Funds from Employer under paragraph 5 of the Settlement Agreement.  I shall also pay to the Trust Funds interest on the amount due under this Guarantee and Undertaking at the rate of ten percent (10%) per annum calculated from the date of Employer's default under the Settlement Agreement until full payment thereof, and will indemnify you, Trust Funds, against all attorneys' fees and costs which may be incurred and/or suffered by you by reason of any uncured default on the part of Employer in performing or observing the payment obligations contained in Paragraph 5 of the Settlement Agreement.

7.      You, Trust Funds, shall not be bound to exhaust your recourse against Employer, or any other parties, nor realize any security granted to you by Employer or any party, nor value any such security nor notify me, the Guarantor of any act of default on the part of Employer, before enforcing the provisions of this Guarantee against me.

8.      This Guarantee shall be in addition to and not in substitution for any other Guarantees which you, Trust Funds, may now or hereafter hold in respect of the Guarantied obligations and you shall be under no obligation to marshall in favor of me, the Guarantor, any other Guarantees or other securities or any monies or the assets which Employer may be entitled to receive or may have a claim upon, and neither the loss nor unenforceability of any other Guarantees or other securities which you may now or hereafter hold in respect of the Guarantied

2

obligations, whether occasioned by default of Employer or otherwise, shall in any way limit or lessen my liability.

9.      This Guarantee embodies all the agreements between the parties hereto relating to the Guarantee, and none of the parties shall be bound by any representation or promise made by any person relative thereto which is not embodied herein, and it is specifically agreed that you, Trust Funds, shall not be bound by any representations or promises made by Employer to me as the Guarantor.

10.      This Guarantee shall not be discharged nor otherwise affected by the death of me, the Guarantor and shall inure to the benefit of you, Trust Funds, its successors and assigns, and shall be binding upon me, the Guarantor, my heirs, executors, administrators, successors, or assigns.

11.      This Guarantee shall be of a continuing nature and shall secure the Guarantied obligations that may be due from time to time and at any time from Employer to you, notwithstanding that the Guarantied obligations may change from time to time or may at any time be amended or deleted.

12.      You, Trust Funds shall not be required to inquire into the powers of Employer or any agents acting or purporting to act on its behalf, and any obligations to you incurred in the professed exercise of the rights and positions of Employer under the Settlement Agreement shall be deemed to be part of the Guarantied obligations, even though the actions in so doing may be in excess of the powers of Employer or of its professed agent or may be in any way irregular, defective or informal.

13.      (1) This Guarantee shall be absolute and non-conditional and shall be effective from the date hereof.

(2) This Guarantee and Undertaking shall be governed by and construed in all respects in accordance with the laws of the state of California, but in enforcing this Guarantee and undertaking, you are at liberty to initiate and take action or proceedings or otherwise against me in California or elsewhere as you may deem fit, and I hereby agree that where any actions or proceedings are initiated and taken in the state of California, I shall submit to the jurisdiction of

3

the courts in the state of California in all matters connected with my obligations and liabilities under or arising out of this Guarantee and Undertaking.  I also agree to be added as a Defendant in United States District Court Northern District of California, case number 15-cv-03183 PJH ("the Lawsuit") and to submit to the jurisdiction of the Court for the purposes of enforcing the Settlement Agreement and this Personal Guaranty.  I further agree to have judgment entered against me in the Lawsuit for any and all amounts due and owing under by me to Plaintiffs under the Settlement Agreement and this Personal Guarantee.  Any writ, judgment or other notice of legal process shall be sufficiently served on me if delivered to or sent by ordinary or registered post to my address: 851 Burlway Road #800, Burlingame, CA 94010.  You will also provide courtesy copies of all documents served on me to Rona Layton, Layton Law Firm, 111 N. Market Street, #300, San Jose, CA 95113.

14.     My liabilities herein as the Guarantor shall be irrevocable.

15.     All notice to me may be sent by registered or certified mail or by prepaid courier, addressed to my address set out hereinabove, or by delivering it by hand to me at the said address hereinabove, and any notice sent by mail or by courier shall be deemed to be served on me on the third business day following the mailing thereof.  You will also provide courtesy copies of all notices served on me to: Attention: Rona Layton, Layton Law Firm, 111 N. Market Street, #300, San Jose, CA 95113.

16.     You shall be at liberty to proceed against me under this Guarantee as though I am the principal, and I do hereby waive all and any of my rights as surety which may at any time be inconsistent with any of the provisions of this Guarantee.

17.     I shall unless otherwise instructed by you in writing, pay to you all monies and satisfy all liabilities hereunder in United States Dollars, inclusive of any judgment or order made or registered against Employer.  For the purpose of this clause, the rate of exchange means the rate at which you are able on or about the date of such payment to purchase, in accordance with your normal practice, the contractual currency with the payment currency and shall take into account (and I shall be liable for) any premium and other costs of exchange including any taxes or duties incurred by reason of any such exchange.

18.     If any of the provisions of this Guarantee and Undertaking becomes invalid, illegal or unenforceable in any respect under any law, the validity, legality and enforceability of the remaining provisions of this Guarantee and undertaking shall not in any way be affected or impaired.

19.     I hereby acknowledge that I have read and understood the contents of this Guarantee and Undertaking and I further warrant that I have sought independent legal advice in relation to this Guarantee and Undertaking AND I fully understand the legal implications and consequences of the same.

Dated: 10|21|16

Signature of Trust Funds

Dated:
10/20/2016

Signature of Guarantor Hamid Sam Jalalian, Individually

138709/886513

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                          )
County of _Alameda_____ )

On _10-20-16_____ before me, _Barbara Anne Gorin, Notary Public_
_____Date_____                              _Here Insert Name and Title of the Officer_

personally appeared _____Jalalian Hamid Sam_____
                                        _Name(s) of Signer(s)_

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Barbara Anne Gorin_
                    _Signature of Notary Public_

> BARBARA ANNE GORIN
> Commission # 2071676
> Notary Public - California
> Alameda County
> My Comm. Expires Jul 12, 2018

_Place Notary Seal Above_
—————————————— **OPTIONAL** ——————————————
_Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document._

**Description of Attached Document**
Title or Type of Document: _Personal Guarantee and Undertaking_ Document Date: _10-20-16_
Number of Pages: _5_ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee      ☑ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)  Item #5907

**EXHIBIT A**
**Page 16 of 17**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California        )

County of ___Solano___    )

On __10/21/2016__ before me, __Jennifer Peters, Notary Public__
                                              (here insert name and title of the officer)

personally appeared __Michelle Lauziere__

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

> JENNIFER PETERS
> COMM. #2089469
> Notary Public · California
> Solano County
> My Comm. Expires Nov. 9, 2018
> NRO1

(Seal)

## OPTIONAL INFORMATION

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

### Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of __Personal Guarantee and Undertaking__,

containing __5__ pages, and dated __10/21/2016__.

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-in-Fact
- ☐ Corporate Officer(s)

_____
Title(s)

- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☐ Other: _____

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
- ☐ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
   Page # _____   Entry # _____

Notary contact: _____

Other
- ☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s)
- ☐ _____

© Copyright 2007-2014 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507.  All Rights Reserved.  Item Number 101772.  Please contact your Authorized Reseller to purchase copies of this form.

**EXHIBIT A**

**Page 17 of 17**